# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ELFER HERNANDEZ-PALMA,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:09CV874DAK |

       This matter is before the court on Elfer Hernandez-Palma's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The court has carefully reviewed all pertinent matters in this case. and has concluded that it is not necessary to order the Government to respond because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U .S.C. § 2255, Proc. R. 4(b).

       On September 24, 2008, Petitioner was charged with violating 8 U.S.C. § 1326 (Reentry of a Previously Removed Alien). On October 2, 2008, Defendant consented to participate in the fast-track program, and a change of plea hearing was set for December 4, 2008. That date was later reset to December 11, 2008. At the December 22, 2008 hearing, Defendant requested new counsel. The court appointed new counsel and extended the fast track agreement until the new hearing date. Also on December 11, 2008, the government filed a Notice of Sentencing

1

Enhancement due to Defendant's prior conviction on May 23, 2005 in Fifth District Court, State of Utah, for the offense of Burglar and Aggravated Assault, both of which are felonies.

On January 5, 2009, Defendant pleaded guilty to violating 8 U.S.C. § 1326, acknowledging that the knowing that the maximum penalty was a term of imprisonment of up to 20 years.  He also acknowledged that there would be no appellate review of any lawful sentence imposed under a plea of guilty.  Specifically, he agreed to "knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined . . . except I do not waive my right to appeal a sentence (1) above the maximum penalty provided in the statutes of conviction as set forth in paragraph 2 above; (2) an upward departure above the high end of the Guideline range determined by the Court to apply to me and the facts of my case; or (3) if the Court fails to apply the two-level "fast track" reduction recommended by the government.[1]   Also, he agreed to "knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28 United States Code, Section 2255, except on the basis of ineffective assistance of counsel.[2]   At the same hearing, the court sentenced Mr. Hernandez-Palma to 46 months in the custody of the Bureau of Prisons and then to 36 months of supervised release.

On September 28, 2009, Petitioner timely filed the instant motion, claiming that he was denied effective assistance of counsel because his counsel did not appeal the sentencing

---

[1] *See* Statement By Defendant in Advance of Plea of Guilty, Docket No. 14 in Case No. 2:08CR653.

[2] *Id*.

enhancement, and, he claims, his counsel promised that he could "challenge a few issues on direct" appeal, but no appeal had yet been filed. Petitioner also appears to claim that the court abused its discretion by failing to grant a four-level downward departure

Petitioner's ineffective assistance claim lacks merit. To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). Representation is deficient if it "falls below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). A showing of prejudice requires "that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable," and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 690-94.

In other words, "[t]he benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id*. at 686. For counsel's performance to be deficient, it must be shown that his performance was not "within the range of competence normally demanded of attorneys in criminal cases." *Id*. at 687. The standard of review for assessing such competence "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of ineffective assistance of counsel claims." *Id*. at 669.

In this case, Petitioner has not demonstrated that his counsel's performance was constitutionally deficient or that any such deficient performance was prejudicial. Defendant specifically agreed to a 46-month sentence and now claims that his counsel was ineffective for failing to appeal a 46-month sentence. Petitioner received the very sentence he bargained for, and thus cannot claim that he received an unlawful sentence or otherwise received ineffective assistance of counsel. His counsel's performance was certainly "within the range of competence normally demanded of attorneys in criminal cases." In addition, petitioner's argument that the court should have granted a four-level downward departure lacks merit.

### RULE 11 DENIAL OF CERTIFICATE OF APPEALABILITY[3]

Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). Thus, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and therefore declines to issue a Certificate of Appealability.

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED, and a Certificate of Appealability will not issue. The Clerk of Court is directed to close this case.

---

[3] See Rules Governing Section 2255 Proceedings for the United States District Courts.

DATED this 29th day of April, 2010.

        BY THE COURT:

        _____
        DALE A. KIMBALL
        United States District Judge